**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **SCOTT BAIN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:19-CV-332** |
| | § | |
| **HATTERAS/CABO YACHTS, LLC,** | § | |
| **HATTERAS YACHT SALES, LLC, AND** | § | |
| **HATTERAS YACHTS, INC.,** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Brunswick Corporation, successor by merger to Hatteras Yachts, Inc. and improperly named as Hatteras Yacht Sales, LLC ("Brunswick") hereby gives notice of the removal of the state court civil action described below. As grounds for the removal, Brunswick respectfully states the following:

### I. INTRODUCTION

1. On September 19, 2019, Plaintiff Scott Bain ("Plaintiff") filed his Original Petition, numbered and styled as Cause No. 2019DCV-4705-F, *Scott Bain v. Hatteras/Cabo Yachts, LLC, Hatteras Yacht Sales, LLC, and Hatteras Yachts, Inc.*, in the 214th Judicial District Court of Nueces County, Texas (the "Complaint").

2. In the Complaint, Plaintiff asserts claims against Brunswick and Hatteras/Cabo Yachts, LLC ("HCY") regarding the purchase and repair of a boat, a 2013 Cabo with Hull Identification No. CHXW0308A313 (the "Boat").[1] Plaintiff asserts that he purchased the

---

[1] *See* Complaint, ¶4.08.

610550.1  105639.0008
DEFENDANT'S NOTICE OF REMOVAL

Property from the defendants via a Purchase and Sale Agreement, that the Boat contained a defective fuel tank, and that the fuel tank was manufactured with a defective design.[2]

3.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Brunswick are attached hereto and marked as composite **Exhibit A** and incorporated herein by reference.

## II.  TIMELINESS OF NOTICE OF REMOVAL

4.      Brunswick was served with Plaintiff's Complaint by certified mail on October 8, 2019, less than thirty days ago. Therefore, Defendant's Notice of Removal falls within the 30-day period required by statute and is timely.[3]

## III.  BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by Brunswick pursuant to 28 U.S.C. § 1441(b) because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.      Complete diversity exists.

6.      Complete diversity exists because Plaintiff and all defendants are not citizens of the same state.

7.      Plaintiff claims he is residing in El Paso, Texas and is thus considered a citizen of Texas.[4]

8.      Brunswick is the successor by merger to Hatteras Yachts, Inc. When two or more entities merge, the citizenship of the surviving entity is controlling for diversity purposes.[5] Thus,

---

[2] *See* Complaint, ¶¶4.05, 4.08, and 4.11.
[3] 28 U.S.C. § 1446(b). *See also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the

Brunswick's citizenship controls. Brunswick is incorporated under the laws of the State of Delaware and has its principal place of business in the State of Illinois. For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business.[6] As such, Brunswick is a citizen of Illinois and Delaware.

9.      HCY is a Delaware limited liability company with its principal place of business located in New Bern, North Carolina.[7] The citizenship of a limited liability company "[i]s determined by the citizenship of all its members."[8] None of the members of HCY is a citizen of Texas.[9] HCY is a citizen of Delaware and North Carolina.

10.      Plaintiff is a citizen of Texas and Brunswick and HCY are not citizens of Texas. Therefore, complete diversity among the parties exists.

**C.      The amount in controversy exceeds $75,000.00.**

11.      In his Complaint, Plaintiff seeks the following damages: 1) "monetary damages to his boat" of not less than $45,261.23; 2) the "loss and diminished market value of his boat" for not less than $150,000; and 3) "loss of use of his boat" for not less than $20,000.[10]

12.      Therefore, based on the value of the relief sought by Plaintiff in the Complaint, the amount in controversy exceeds $75,000.00.

---

federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").
[4] *See* Complaint, ¶2.01.
[5] *See Exxon Corp. v. Duval County Ranch Co.*, 405 F.Supp. 1367, 1369 (S.D. Tex. 1975).
[6] *See* U.S.C. §1332(c)(1).
[7] *See* Declaration of Thomas A. Kennedy in Support of Notice of Removal, attached and incorporated hereto as **Exhibit B**.
[8] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)
[9] *See* Exhibit B, ¶3.
[10] *See* Complaint, ¶9.03.

## IV. VENUE

13.     Venue for this Removal is proper in the United States District Court for the Southern District of Texas, Corpus Christi Division, because this district and division includes Nueces County, Texas—the location of the pending state court action.[11]

## V. ADDITIONAL REQUIREMENTS

14.     Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Nueces County, Texas.

15.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.[12]

16.     In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Brunswick respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

17.     As stated in the attached Declaration of Thomas A. Kennedy in Support of Notice of Removal, HCY consents to this Notice of Removal.[13]

18.     Plaintiff demanded a jury trial in the Complaint.[14]

WHEREFORE, having satisfied the requirements for removal, Defendant Brunswick Corporation, successor by merger to Hatteras Yachts, Inc. and improperly named as Hatteras Yacht Sales, LLC gives notice that Cause No. 2019DCV-4705-F originally filed in the 214th Judicial District Court of Nueces County, Texas, has been removed to this Court.

---

[11] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(b)(6) (stating that the Corpus Christi Division of the Southern District includes Nueces County).
[12] *See* 28 U.S.C. § 1446(a).
[13] *See* Exhibit B.

Respectfully submitted,

By: /s/ Joel W. Mohrman

     **JOEL W. MOHRMAN**
     State Bar No. 14253500
     jmohrman@mcglinchey.com
     **ANDERSON L. CAO**
     State Bar No. 24031910
     acao@mcglinchey.com
     **MCGLINCHEY STAFFORD, PLLC**
     1001 McKinney St. Suite 1500
     Houston, Texas 77002
     Phone:  713-520-1900
     Facsimile: 713-520-1025

     *Attorneys For Defendant Brunswick Corporation,*
     *Successor by Merger to Hatteras Yachts, Inc. and*
     *Improperly Named as Hatteras Yacht Sales, LLC*

## CERTIFICATE AND NOTICE OF FILING

     I certify that on November 6, 2019, this Notice of Removal was sent to the District Clerk of Harris County, Texas, and that written notice of filing of the Notice of Removal was served via eFile.TXCourts.Gov and/or via Email upon counsel for Plaintiff and counsel for all parties.

     /s/  Anderson L. Cao
     **ANDERSON L. CAO**

---

[14] *See* Complaint, ¶12.01.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 6, 2019, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system or by other means in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

<u>***Via ECF E-Filing Service System and/or Via Email***</u>
Cecil W. Bain
Law Offices of Cecil W. Bain, P.C.
9223 Honey Creek
San Antonio, Texas  78230
cecilbain@yahoo.com
***Counsel for Plaintiff***

<u>***Via ECF E-Filing Service System and/or Via Email***</u>
John Thompson, III
john.thompson@kellyhart.com
Nirav Patel
nirav.patel@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas  76102
***Counsel for Defendant Hatteras/Cabo Yachts, LLC***


*/s/ Anderson L. Cao*
ANDERSON L. CAO