IN THE UNITED STATES DISTRICT COUR
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SCOTT BAIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | **AMENDED COMPLAINT** |
| | § | |
| | § | |
| v. | § | Civil Action No. 2:19-CV-332 |
| | § | |
| | § | |
| HATTERAS/CABO YACHTS, LLC, | § | |
| HATTERAS YACHT SALES, LLC. | § | |
| AND BRUNSWICK CORPORATION, | § | |
| | § | |
| Defendants. | § | |

<u>PLAINTIFF'S AMENDED COMPLAINT</u>

TO THE HONORABLE UNITED STATES JUDGE OF SAID COURT:

NOW comes SCOTT BAIN, (hereinafter referred to as "PLAINTIFF"), by and through his attorney of record, CECIL W. BAIN, and files this PLAINTIFF'S AMENDED COMPLAINT, complaining of HATTERAS/CABO YACHTS, LLC, HATTERAS YACHT SALES, LLC., and BRUNSWICK CORPORATION, successor by merger to HATTERAS YACHTS, INC., (hereinafter collectively referred to as "HATTERAS", or "BRUNSWICK" and/or "DEFENDANTS"), asserting causes of action for money damages for negligence in defective manufacture and design of a product, the new Cabo boat, breach of express and implied warranty, false and material misrepresentations by Defendants, and misleading acts and representations regarding the warranties, and for breach of the written warranty agreement, express and implied warranties, and negligence resulting in monetary damages, and for cause of action and in support thereof, would respectfully show unto this honorable Court and jury as follows, to-wit:

## I.  PARTIES AND SERVICE

1.      The Plaintiff is SCOTT BAIN, who is a resident of El Paso, El Paso County, Texas.

2.      The Defendant, HATTERAS/CABO YACHTS, LLC, (hereinafter referred to as "HATTERAS/CABO"), is a foreign limited liability company, and has been served with citation and has answered herein.

3.      The Defendant, HATTERAS YACHT SALES, LLC, (hereinafter referred to as "HATTERAS SALES"), is a foreign limited liability company, and has been served with citation.

4.      The Defendant, BRUNSWICK CORPORATION, successor by merger to HATTERAS YACHTS, INC., (hereinafter referred to as "BRUNSWICK"), is a corporation, and has been served with citation and has answered herein.

## II.  JURISDICTION

5.      The subject matter in controversy is within the jurisdictional limits of this court, and has been transferred to this court based upon diversity jurisdiction, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6.      This court has subject matter jurisdiction herein because some of the Defendants are doing business in the State of Texas, or have entered into transactions in the State of Texas with the Plaintiff.

7.      This Court has diversity jurisdiction over the cause of actions alleged in this lawsuit under the provisions of 28 U.S.C. Section 1332, because, under the provisions of the statute, some of the parties to this lawsuit are considered citizens of different states.

## III.  FACTUAL BACKGROUND

8.      The Plaintiff, SCOTT BAIN, is the owner of a 2013 Cabo, (hereinafter the "boat" and "Cabo boat"), Hull Identification No. CHXW0308A313, sold and delivered to the Plaintiff

pursuant to the Purchase and Sales Agreement dated January 30, 2015, at Port Aransas, Nueces County, Texas, on January 30, 2015.   To the best of the Plaintiff's knowledge and belief, the Cabo boat purchased by the Plaintiff, and the defective fuel tank, the subject matter of this lawsuit, were in the same condition at the time of the failure and leak into the boat's hull, as it was when the new Cabo boat was originally manufactured and distributed to the public for sale and at the time that the Cabo boat was purchased by the Plaintiff.

9.      At all times relevant in this lawsuit, the Plaintiff was acting as a "consumer" as defined in the Texas Business & Commerce Code.

10.     The Defendants, HATTERAS/CABO YACHTS, LLC, HATTERAS YACHT SALES, LLC.,  and BRUNSWICK CORPORATION, successor by merger to HATTERAS YACHTS, INC., hereinafter referred to collectively as the "Defendants", individually and collectively, jointly and severally, at all relevant times mentioned in this Complaint, were engaged in the business of designing, manufacturing, selecting, assembling, equipping, testing, inspecting, marketing, distributing and selling yachts, boats and vessels throughout the United States, including the State of Texas, including the new Cabo boat designed, manufactured, assembled, inspected, marketed and distributed for sale by the Defendants, collectively and/or individually, through its authorized dealer, which Cabo boat is the subject matter of this lawsuit, and which new Cabo boat was later sold by its authorized agent, broker, representative and/or dealer to the Plaintiff.   Further discovery in this action will reveal the specific actions and omissions committed by each named Defendant and/or Defendants, giving rise to the responsibility and liability for the actions, omissions and resulting damages sustained by the Plaintiff, for which this lawsuit was filed.

11.     The Defendants, individually and collectively, jointly and severally, were engaged in the business of designing, manufacturing, selecting, assembling, equipping, testing, inspecting,

marketing, distributing and selling yachts, boats and vessels for purchase by members of the general public into the stream of commerce throughout the United States, including the State of Texas, including the new Cabo boat designed, manufactured, assembled, and distributed for sale by the Defendants through its authorized agents, brokers, representatives and/or dealers, which is the subject matter of this lawsuit, and which was later sold by its authorized agent, broker, representative and/or dealer to the Plaintiff. Further discovery in this action will reveal the specific actions and omissions committed by each named Defendant and/or Defendants, giving rise to the responsibility and liability for the actions, omissions and resulting damages sustained by the Plaintiff, for which this lawsuit was filed.

12.     Specifically, on or about 2013, and sometime prior to January 30, 2015, the Plaintiff alleges, upon reasonable belief, that the Defendants, individually and collectively, jointly and severally, designed, manufactured, selected, assembled, equipped, tested and inspected the forty (40) foot 2013 Cabo boat, Yacht Name "ORIF", (hereinafter the "boat"), Official No. 1248321, and Hull Identification No. CHXW0308A313, with a defective fuel tank installed into the hull of the boat. After designing, manufacturing, selecting, assembling, equipping, testing inspecting the new Cabo boat for sale, the Plaintiff believes that the Defendants, HATTERAS, and/or HATTERAS YACHT SALES, LLC, by and through its entities, marketed, distributed, sold and delivered the new Cabo boat, for sale by and through HATTERAS YACHT SALES, LLC, and/or HATTERAS YACHTS, INC., a division of the Defendant, BRUNSWICK CORPORATION, to a buyer, which the Plaintiff believes to be the original purchaser, Elliott I. Clemence III, from whom the Cabo boat was later purchased by the Plaintiff.

13.     On the date of manufacture, and sale to the original purchaser, the Defendants, collectively and/or individually, jointly and severally, warranted, by express written warranty, the new Cabo

boat for a ten (10) year written manufacturer's warranty for a "Structural Hull" Defect.   In addition, the Defendants, collectively and/or individually, jointly and severally, represented and warranted the new Cabo boat for two (2) years for parts found to be defective in material, workmanship and/or or components manufactured by Cabo Yachts, which warranties, and other representations, the Plaintiff was informed of and relied on in making his decision to purchase the Cabo boat from the original purchaser.

14.     On January 30, 2015, the Plaintiff entered into a Purchase and Sale Agreement (hereinafter the "Agreement"), and purchased the Cabo boat by and through an authorized agent, representative, brokers and/or authorized dealer of Defendants, Fox Yacht Sales, by purchasing and acquiring all rights, title and interests of the original purchaser of the Cabo boat, including the original manufacturer's warranties, without intending to agree to any limitation or exclusion of any of the original manufacturer's express warranties or implied warranties, which warranties the Plaintiff contends transferred to the Plaintiff as a consumer under Texas law.   But for these express and implied warranties and representations made by the Defendants, individually and collectively, jointly and severally, and the authorized agents, representatives, brokers and/or authorized dealer of Defendants, Fox Yacht Sales, the Plaintiff would not have purchased the Cabo boat, which is the subject matter of this lawsuit as described in this Complaint.

15.     At the time Plaintiff purchased the Cabo boat, the Defendants, individually and collectively, jointly and severally, were merchants within the meaning of Texas Business & Commerce Code,   with respect to the design and manufacture and of the new Cabo boat, and the marketing, distribution and sale into the stream of commerce, and as to the Plaintiff's sales transaction, by and through the authorized agent, representative, brokers and/or authorized dealer, Fox Yacht Sale, by and through which the Plaintiff purchased the Cabo boat.

16.     At the time Plaintiff purchased the boat, which was within two (2) years of the sale of the new Cabo boat to the original purchaser, the Defendants, individually and collectively, jointly and severally, according to the provisions of the Texas Business & Commerce Code, impliedly warranted that the boat was merchantable and fit for the ordinary purposes for which it was manufactured, originally sold and subsequently purchased by the Plaintiff.

17.     On or about December 1, 2018, the Plaintiff discovered that the fuel tank of the boat failed and was leaking fuel, and, as a result, caused the fuel tank to leak fuel into the hull and the boat, resulting in damages to the Plaintiff's boat and monetary damages to the Plaintiff, as described herein.

18.     After the Plaintiff discovered the defects and damages to the boat, the Plaintiff requested that the Defendants honor the express and implied warranties by providing a replacement fuel tank and installing the new fuel tank back in to the hull of the boat, and, therefore, restore the boat to a "new" condition as warranted by the Defendants, upon which warranties the Plaintiff relied to his detriment in his decision to purchase the boat, but which request the Defendants refused, and continue to refuse to this date.

19.     On or about March 12, 2019, after recommendations from the authorized dealer of the Defendants, and in consultation with the third parties and/or the Defendants, the Plaintiff entered into an agreement to have the fuel tank repaired at a cost of repair in the amount of FORTY FIVE THOUSAND TWO HUNDRED SIXTY-ONE AND 23/100 DOLLARS ($45,261.23).

20.     On or about June 13, 2019, the Plaintiff determined through investigation and inspection that the defective fuel tank was designed and manufactured with a defective design, and was negligently selected, assembled and installed into the hull of the boat, and was negligently inspected, tested and distributed for sale with the defective and faulty fuel tank at the time of the

sale of the new Cabo boat to the original purchaser in a defective and unreasonably dangerous condition, and not merchantable and fit for the ordinary purposes for which it was manufactured, originally sold and subsequently purchased by the Plaintiff.

21.     At the time that the Plaintiff purchased the Cabo boat he had a reasonable belief that the Cabo boat was in a safe condition and was merchantable and fit for the ordinary purposes for which it was manufactured and originally sold, and was in the same condition as sold to the original purchaser, from whom the Plaintiff purchased the Cabo boat, by the Defendants and/or an authorized dealer.

22.     At the time that the Plaintiff purchased the Cabo boat on January 30, 2015, which he believed to be in a safe condition and fit for the ordinary purposes for which it was manufactured and originally sold, he had no knowledge that the fuel tank was defective and installed in hull of the boat in a defective manner, which resulted in the failure of the fuel tank which he discovered on or about December 1, 2018, and which defective manufacture and design were the producing cause of the actual physical failure of the fuel tank and monetary damages to the Plaintiff's boat and the Plaintiff as described herein.

23.     On June 21, 2019, the Plaintiff sent notice to the Defendants of the defective design and manufacture of the fuel tank and the leak into the hull of the boat, and requested the Defendants comply with the Defendants' express warranties, as well as the implied warranties, that the boat was merchantable and fit for the ordinary purposes for which it was manufactured and eventually sold to Plaintiff.

24.     On August 14, 2019, the Defendants expressly, in writing, denied the Plaintiff's request and refused to honor and comply with the express warranties and implied warranties, and notified

7

the Plaintiff that the Defendants were refusing to comply with the written express and implied warranties made by the Defendants at the time of the manufacture and sale of the new Cabo boat by the Defendants, collectively/and/or individually, to the original purchaser, and which warranties the Plaintiff contends were valid and available to the Plaintiff at that time he purchased the boat and at the time he discovered the defective fuel tank leak.

25.     The Plaintiff has performed all conditions precedent, if any, on his part to be performed in order to have the Defendants honor the express and implied warranties and to repair and replace the defective fuel tank into hull of the boat, and has requested in writing that the Defendants comply with the Defendants' express warranties, as well as implied warranties that the new Cabo boat was merchantable and fit for the particular purpose for which it was designed, manufactured and sold to the original purchaser and eventually sold to the Plaintiff.

26.     The Plaintiff has notified the Defendants of their breach of the express warranty and implied warranties due to the defective design and manufacture of the fuel tank and defective assembly and installation into the hull of the Cabo boat, as well as the damages suffered by Plaintiff as a result of that defective design, manufacture and sale of the Cabo boat and the breach of warranties claim, prior to filing this lawsuit.

27.     The Plaintiff contends that the Defendants, individually and collectively, jointly and severally, knew, at the time of the design, manufacture, selection, assembly, equipping, testing, inspecting, marketing and distribution for sale to the original purchaser, of the defective design and manufacture, resulting in the failure of the fuel tank in the Plaintiff's boat, or in the exercise of reasonable care should have known, of the defective design and manufacture of the fuel tank at the time of the original sale of the new Cabo boat.   But for the representations and express and

8

implied warranties made by the Defendants at the time of the manufacture and sale of the new Cabo boat, and made and represented to the Plaintiff at the time of his decision to purchase the boat, the Plaintiff would not have purchased the Cabo boat which is the subject matter of this lawsuit.

28.     Despite numerous and repeated attempts by the Plaintiff to have the Defendants honor the warranties and replace the defective fuel tank and/or deliver and install a new fuel tank, the Defendants refused and continue to refuse to this date.

29.     This is a cause of action for damages based upon the defective design and manufacture of a product for sale to the public, for the Defendants' breach of an express warranty agreements and implied warranties, for misrepresentations made to the Plaintiff at the time of the purchase, negligent actions and misrepresentations made when making his claim to honor the express and implied warranties and representations made by the Defendants and the authorized agents, representatives, brokers and/or authorized dealer of Defendants, Fox Yacht Sales, and relied upon by the Plaintiff at the time of his purchase of the Cabo boat.

IV.  BREACH OF WARRANTIES

30.     The Plaintiff hereby adopts and realleges each and every allegation made in the preceding paragraphs 8 through 29 of this Complaint, and incorporates the same by reference as if fully set forth herein.

31.     The Plaintiff is the purchaser of the Cabo boat, and brings this lawsuit against the Defendants, collectively and individually, jointly and severally, alleging that the conduct set out above constitutes a failure to honor, and negligent violations of, the express and implied warranties made by the Defendants at the time of the manufacture and original sale of the new Cabo boat to

9

the original purchaser, Elliott I. Clemence III, and, therefore, to the Plaintiff under Texas law.

32.     The Plaintiff, as a subsequent purchaser of the 2013 Cabo, (hereinafter the "boat" and "Cabo boat"), Hull Identification No. CHXW0308A313, pursuant to the Purchase and Sales Agreement dated January 30, 2015, was entitled to, and in fact did, rely on the representations and express and implied warranties made by the Defendants, as merchants, at the time of the manufacture and original sale of the new Cabo boat to the original purchaser, Elliott I. Clemence III.

33.     At the time Plaintiff purchased the boat, and when designed, manufactured and distributed for sale, by the Defendants and their dealers, the Defendants expressly warranted that the new Cabo boat was merchantable and fit for the ordinary purposes for which it was manufactured, was free from defects in material and workmanship, when, in fact, it was defective in design, manufacture and assembly, and that if any defects in material or workmanship were discovered, the Defendants would make any repairs or replacements necessary to correct the defects.

34.     The Defendants, individually and collectively, jointly and severally, made representations and written express and implied warranties, upon which the Plaintiff relied in purchasing the Cabo boat, which were in the Defendants' manufacturer's warranty, hereinafter the "CABO YACHTS LIMITED WARRANTY", and which, by operation of law, were transferred and became a part of the Plaintiff's purchase Agreement.

35.     The Defendants, individually and collectively, jointly and severally, made certain express representations and express and implied warranties, by and through its authorized agents, brokers, representatives and/or dealers, at the time of the Plaintiff's purchase of the Cabo boat, by and through the Defendant's authorized agent, broker, representative and/or authorized dealer to the

Plaintiff, upon which the Plaintiff relied in purchasing the Cabo boat, and but for his awareness and knowledge of such warranties and representations the Plaintiff would not have entered into the purchase transaction.

36.     The Defendants, individually and collectively, jointly and severally, represented that the boat, and the fuel tank installed into the hull of the boat, was merchantable and fit for the ordinary purposes for which it was manufactured, when, in fact, it was defective in design, manufacture and assembly, and failed to disclose knowledge and information concerning the boat design and manufacture, which was known, or should have been known, at the time of the sale to the original purchaser and thereafter to the Plaintiff, and the Plaintiff would not have entered the purchase transaction had the knowledge and information been disclosed.

37.     Instead of agreeing to replace the fuel tank and repair the boat, the Defendants have failed and refused to honor their warranties.

38.     The Defendants, individually and collectively, jointly and severally, have not fully performed all conditions, covenants, and promises under the Agreement, and the express and implied warranties for which the Plaintiff contracted at the time he purchased his boat, as described herein.

39.     The Defendants, individually and collectively, jointly and severally, have breached the manufacturer's express written and implied warranties, upon which the Plaintiff relied when he purchased his boat, by failing to comply with all of the terms and conditions of the express manufacturer's warranty, the "CABO YACHTS LIMITED WARRANTY", and have failed and refused to honor the express and implied warranties of said Warranty, as described herein.

40.     The Plaintiff was not aware of such defect at the time of purchase and said defect was not

reasonably discoverable by Plaintiff at the time of the purchase, and, therefore, the express and implied warranties are available for enforcement by the Plaintiff within two (2) years from the date of discovery of the defective fuel tank.

41.     The Plaintiff would further show that he has fully performed all of his contractual obligations required by the manufacturer's warranty, if any, and the Defendants have failed and refused to perform their contractual obligations, in breach of their express and implied warranties.

42.     As a direct and proximate result of the Defendants' breach of the express warranty described above, the Plaintiff has been required to expend the monies for repairs and replacement, and loss in value of his boat, and may, in the future, as a result of the defective design and manufacture of the boat, be required to expend additional sums for repairs and replacement, has lost the use of the boat, and has lost the value of his boat, all to Plaintiff's damage in an amount within the jurisdictional limits of this court.

43.     The Plaintiff contends that the Defendants, individually and collectively, jointly and severally, failed to disclose the defective design and manufacture of the fuel tank which would probably fail and leak, was unreasonably dangerous and would cause the damages to the Plaintiff's boat, which was known, or should have been known by the Defendants at the time the boat was sold and delivered to the original purchaser and, thereafter to the Plaintiff.   Had the Plaintiff been aware of the defective design and manufacture of the fuel tank and the boat, and the defective fuel tank installed into the hull of the boat, and the damages to the boat, the Plaintiff would not have purchased the boat or accepted delivery of the boat at the time of sale.

44.     The Plaintiff has reason to believe that the Defendants, individually and collectively, jointly and severally, knew or should have known, by way  of proper design, manufacture,

12

assembly and testing, that the boat and fuel tank were defective in  design and manufacture and

not assembled in good workmanlike manner, and that the defective fuel tank installed in the hull

of the Cabo boat would eventually fail and cause damages for the Plaintiff. The Defendants'

conduct was negligent and a misrepresentation that resulted in a gross disparity between the value

Plaintiff gave in consideration for the boat and the value of the boat actually received.

45.     The foregoing actions and/or omissions of the Defendants, individually and collectively,

jointly and severally, were a producing, direct, and/or proximate cause of the failure of the fuel

tank, and the damages to the Plaintiff's Cabo boat as well as the Plaintiffs' damages described

herein.

46.     Each and every one of the Defendants', individually and collectively, jointly and severally,

foregoing acts and omissions, taken separately and collectively, constitutes a producing cause of

the damages sustained by Plaintiff, as are more particularly described herein.

47.     By reason of the foregoing representations and breach of warranties, the Plaintiff has

suffered substantial monetary damages to his boat, in the amount of not less than FORTY-FIVE

THOUSAND TWO HUNDRED SIXTY-ONE AND 23/100 DOLLARS ($45,261.23) for the cost

of repairs.

48.     The Defendants', individually and collectively, jointly and severally, failure to act in

accordance with their representations and written express warranties constitutes a breach of the

written warranty agreement, as well as a breach of the Defendants' express and implied warranty

to deliver a new boat, which was merchantable and fit for the ordinary purposes for which it was

manufactured, without damages or defects in design and manufacture, and to perform services,

repairs and replacement warranted in the manufacturer's warranty.  Such failure was the direct

13

and proximate cause of the damages and loss to the Plaintiff and the additional losses of the Plaintiff, as described herein, in the amount of not less than FORTY FIVE THOUSAND TWO HUNDRED SIXTY-ONE AND 23/100 DOLLARS ($45,261.23), and including, but not limited to, the economic loss in a "new" value of his boat in the amount of not less than ONE HUNDRED FIFTY THOUSAND NO/100 DOLLARS ($150,000.00).

49.    The Plaintiff would further show that, based upon the breach of a written warranty agreement, he seeks recovery of reasonable expenses, attorney's fees and court costs, authorized under the provisions of the Texas Civil Practices & Remedies Code.   The Plaintiff seeks recovery from the Defendants of such court costs and reasonable attorney's fees, both in the trial court as well as on appeal, if any.

## V.   NEGLIGENT DESIGN AND MANUFACTURE

50.    The Plaintiff hereby adopts and realleges each and every allegation made in the preceding paragraphs 8 through 29 of this Complaint and incorporates the same by reference as if fully set forth herein.

51.    The Defendants, HATTERAS/CABO YACHTS, LLC, HATTERAS YACHT SALES, LLC, and HATTERAS YACHTS, INC., HATTERAS/CABO, and BRUNSWICK CORPORATION, collectively and/or individually, jointly and severally, were engaged in the business of designing, manufacturing, assembling, inspecting, testing, distributing and selling yachts, boats and vessels throughout the United States, including the State of Texas, including the Cabo boat designed, manufactured, assembled, and distributed by the Defendants, collectively and/or individually, through its authorized dealer, which boat is the subject matter of this lawsuit.

52.    The Defendants were engaged in the business of designing, manufacturing, assembling,

14

distributing, and selling yachts, boats and vessels for purchase by members of the general public into the stream of commerce throughout the United States, including the State of Texas, including the new Cabo boat designed, manufactured, assembled, and distributed by the Defendants through its authorized agents, brokers, representatives and/or dealers which is the subject matter of this lawsuit, and which was sold by its authorized agent, broker, representative and/or dealer to the Plaintiff. Further discovery in this action will reveal the specific actions and omissions committed by each named Defendant and/or Defendants, giving rise to the responsibility and liability for the actions, omissions and resulting damages sustained by the Plaintiff, for which this lawsuit was filed.

53.     Defendants, individually and collectively, jointly and severally, caused the Plaintiff's boat to be negligently designed, manufactured and assembled, as sold to the public, and, therefore, was unfit and not merchantable as subsequently sold and delivered to the Plaintiff.

54.     The said Defendants, individually and collectively, jointly and severally, knew or should have known that the Plaintiff's boat was negligently designed, manufactured and assembled, and sold to the public, and was unfit and not merchantable as subsequently sold and delivered to the Plaintiff.

55.     The Defendants, individually and collectively, jointly and severally, knew or should have known that the Plaintiff's boat was negligently designed, manufactured, and assembled, and, therefore, was defective and/or damaged, and was unfit and not merchantable as sold and delivered to the Plaintiff, and could foresee that the boat would be defective and result in damages as sold and delivered to the Plaintiff, creating a risk of danger to the Plaintiff and others.

56.     To the extent that the Defendants, individually and collectively, jointly and severally, did

Case 2:19-cv-00332 Document 18-1 Filed on 04/30/20 in TXSD Page 16 of 26

not act in compliance with terms and conditions of the manufacturer's warranties, and the express and implied warranties, the Defendants, their agents and employees, and each of them, were negligent in failing to properly represent their obligations under the manufacturer's warranty, and to replace and make repairs to the fuel tank and the Plaintiff's boat, as represented and promised to the public, and subsequently to the Plaintiff.

57.     The Defendants, individually and collectively, jointly and severally, have been negligent and knowingly failed to disclose, and, therefore, misrepresented, the facts and circumstances surrounding the design and manufacture of the defective new Cabo boat and the defective fuel tank installed into the hull of the boat, in violation of the Defendants', as the manufacturer, express and implied warranties regarding the Plaintiff's boat and performance of the terms and conditions of the manufacturer's warranty, and express and implied warranties, as described herein.

58.     The Plaintiff would show that the Defendants have engaged in representations, and/or supplied inaccurate information to the Plaintiff at the time of the purchase transaction, or in the course of a communication with the Plaintiff after the failure of the fuel tank, and that such representations, and/or supplied inaccurate information, caused the Plaintiff to rely to his detriment in taking actions as to the Defendants and his boat.  As a result, the Plaintiff has sustained monetary damages, described more fully herein.

59.     The Defendants, individually and collectively, jointly and severally, did not properly evaluate, investigate, or take any reasonable steps to properly repair the boat and perform the warranty work, which resulted in the breach of the express and implied warranties of the Defendants.

60.     The Defendants, individually and collectively, jointly and severally, did not properly

evaluate, investigate, or take any reasonable steps to properly replace and install the fuel tank and repair the Plaintiff's boat, and comply with and perform the manufacturer's warranty.

61. The Defendants, individually and collectively, jointly and severally, acting together at all times relevant to this suit, negligently failed to design, manufacture, and repair the Plaintiff's boat, as described herein, which negligence proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sues.

62. The Plaintiff cannot more specifically allege the acts of negligent manufacture or design on the part of Defendants, because the facts in that regard to the negligent design, manufacture, assembly, inspection and testing are exclusively within the knowledge of that manufacturing and distributing Defendants.  In the alternative, in the event the Plaintiff is unable to discover and prove the specific acts of negligent design, manufacture, assembly, inspection and testing, the Plaintiff relies on the doctrine of "res ipsa loquitur".  In this connection, the Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have happened in the absence of negligence, and that the design and manufacture of the defective fuel tank installed in the hull of the Cabo boat was within the exclusive knowledge and control of the Defendants, individually and collectively, jointly and severally, at the time the negligent design, manufacture, assembly, inspection and testing actually occurred on the plant premises of the manufacturing Defendant of Defendants.  The Plaintiff had no means of ascertaining the method or manner in which the product was designed and manufactured, and the Plaintiff reasonably believes that the boat came into Plaintiff's possession in the same condition it was in when it left the Defendants' control at the Defendants' manufacturing plant and at the time of his purchase of the Cabo boat.  Therefore, based upon the doctrine of "res ipsa loquitur", the Defendants,

individually and collectively, jointly and severally, were negligent in the design and the manufacture of the Plaintiff's Cabo boat, which negligence was a proximate cause of the damages sustained by Plaintiff, as described herein.

63.     The actions of the Defendants, , individually and collectively, jointly and severally, and their misrepresentations and failure to take proper steps with regard thereto, were negligent, and said negligence was a proximate cause of the Plaintiff's damages.

64.     Such negligent actions and omissions by the Defendants, individually and collectively, jointly and severally, were the direct and proximate cause of the damages and loss to the Plaintiff, and the additional losses of the Plaintiff as set forth herein, including, but not limited to, monetary damages to his boat, in the amount of not less than FORTY FIVE THOUSAND TWO HUNDRED SIXTY-ONE AND 23/100 DOLLARS ($45,261.23), and including, but not limited to, the loss in value of his boat in the amount of not less than ONE HUNDRED FIFTY THOUSAND NO/100 DOLLARS   ($150,000.00).

65.     The Defendants', individually and collectively, jointly and severally, negligence proximately caused damages to the Plaintiff as described herein. The common law duty arose out of a breach of a written express and implied agreement, and, therefore, attorney fees are recoverable under Texas Civil Practice and Remedies Code Section 38.001.   Plaintiff sues to recover compensatory damages, attorney fees, and court costs from defendant.

66.     The misrepresentations, acts and omissions of the Defendants, individually and collectively, jointly and severally, have caused the Plaintiff additional damages in excess of the minimum jurisdictional limits of this Court.

67.     The Defendants, individually and collectively, jointly and severally, represented and

agreed to sell and deliver a new Cabo boat to the original purchaser, without defects, which boat was merchantable and fit for the ordinary purposes for which it was manufactured, originally sold and subsequently purchased by the Plaintiff, pursuant to the express and implied terms and conditions of the manufacturer's warranties and the common law of the State of Texas.

68.     The Defendants, individually and collectively, jointly and severally, represented and warranted that the boat as delivered was promised to be a boat, without defects, pursuant to the express and implied terms of the manufacturer's warranties.  Thereafter, upon discovering that the boat and fuel tank were defective, as originally manufactured and delivered for sale, and as represented and warranted, the Plaintiff caused the fuel tank to be repaired in place in the hull of the boat, but the Plaintiff's boat has not been restored to a "new" boat condition, causing additional expense and loss in value including, but not limited to, in the opinion of the Plaintiff, the loss in value of his boat in the amount of not less than ONE HUNDRED FIFTY THOUSAND NO/100 DOLLARS ($150,000.00).

69. The Defendants', individually and collectively, jointly and severally, representations and agreements constitute an agreement and warranty whereby the Defendants expressly and impliedly warranted that they would perform such replacement, repairs and services as would be necessary to comply with the terms and conditions of the manufacturer's warranty, as well as the express and implied warranties of fitness, made by the Defendants at the time of the sale.

70.     The Defendants' actions, omissions and conduct, individually and collectively, jointly and severally, has violated the laws of the State of Texas, in that the Defendants have committed the violations described herein, upon which Plaintiff relied to his detriment, and which are the producing causes of the Plaintiff's damages described herein.

19

71.    The Defendants, Individually and collectively, jointly and severally, have engaged in the foregoing conduct knowingly and intentionally.

72.    Such actions and omissions by the Defendants, individually and collectively, jointly and severally, have been the direct, proximate and producing cause of the monetary damages to the Plaintiff, as described herein, in the amount of FORTY FIVE THOUSAND TWO HUNDRED SIXTY-ONE AND 23/100 DOLLARS ($45,261.23), and including, but not limited to, in the opinion of the Plaintiff, the loss in value of his boat in the amount of not less than ONE HUNDRED FIFTY THOUSAND NO/100 DOLLARS ($150,000.00).

73.    On June 21, 2019, the Plaintiff sent notice to the Defendants of the defective design and manufacture of the fuel tank and the Plaintiff's boat, and requested that the Defendants comply with the Defendants' express warranties, as well as implied warranties that the boat was merchantable and fit for the ordinary purposes for which it was manufactured, and eventually sold to Plaintiff.

74.    On June 21, 2019, the Plaintiff sent written notice to the Defendants advising each of the Defendants of Plaintiff's specific complaints and the amount of damages, including reasonable attorneys' fees, incurred by Plaintiff as of the date of the letter.

75.    On August 14, 2019, the Defendants expressly in writing denied the Plaintiff's request and refused to comply with the express warranties and notified the Plaintiff that the Defendants were refusing to comply with express and implied warranties of the of the Defendants.

76.    As a direct and proximate result of the Defendants' breach of the express and implied warranty described herein, the Plaintiff has been required to expend the monies in securing alternate use, and

20

has lost the use of the boat, and a loss in the market value of the boat, all to the Plaintiff's damage in an amount within the jurisdictional limits of this court.

## VI.   NEGLIGENT MISREPRESENTATION

77.     The Plaintiff hereby adopts and realleges each and every allegation made in the preceding paragraphs 8 through 29 of this Complaint and incorporates the same by reference as if fully set forth herein.

78.     The Defendants, HATTERAS/CABO YACHTS, LLC, HATTERAS YACHT SALES, LLC, and HATTERAS YACHTS, INC., and BRUNSWICK CORPORATION, herein collectively the "Defendants", individually and collectively, jointly and severally, caused the Plaintiff's boat to be negligently designed, manufactured, assembled, tested, inspected and sold to the public, and, therefore, was not merchantable and fit for the ordinary purposes for which it was manufactured, originally sold to the original purchaser as a new Cabo boat.

79.     The Defendants, individually and collectively, jointly and severally, knew or should have known that the Plaintiff's boat was negligently designed, manufactured and assembled, and sold to the public, and was not merchantable and fit for the ordinary purposes for which it was designed, manufactured and originally sold to the original purchaser as a new Cabo boat and subsequently sold and delivered to the Plaintiff.

80.     The Defendants, individually and collectively, jointly and severally, knew or should have known that the Plaintiff's boat was negligently designed, manufactured, and assembled, and, therefore, was defective and/or damaged, and was not merchantable and fit for the ordinary purposes for which it was designed, manufactured and originally sold to the original purchaser as a new Cabo boat and subsequently sold and delivered to the Plaintiff.   The Plaintiff did not have

21

knowledge and could not have foreseen that the boat would be defective in design and manufacture, with a defective fuel tank installed into the hull, as sold and delivered to the original purchaser, and thereafter to the Plaintiff in the same condition, and would result in sustaining monetary damages and creating an unreasonable risk of danger to the Plaintiff.

81.      The Defendants' actions, omissions and conduct, individually and collectively, jointly and severally, for failure to honor and comply with the express and implied warranties, and specifically the denial of the express and implied warranties when the Plaintiff made his claim to the Defendants, was negligent misrepresentation to the Plaintiff, his rights and remedies afforded by the express and implied warranties, in violation of the laws of the State of Texas, in that the Defendants have committed the violations described herein, upon which Plaintiff relied to his detriment, and which are the producing causes of the Plaintiff's damages described herein.

82.      The Defendants' actions, omissions and conduct, individually and collectively, jointly and severally, for failure to honor and comply with the express and implied warranties, and specifically the denial of the express and implied warranties when the Plaintiff made his claim to the Defendants, was negligent and intended to discourage the Plaintiff from pursuing his rights and remedies afforded by the express and implied warranties, and which are the producing causes of the Plaintiff's damages described herein.

## VII. DAMAGES

83.      The Plaintiff hereby adopts and realleges each and every allegation made in the preceding paragraphs 8 through 29 of this Complaint and incorporates the same by reference as if fully set forth herein.

84.      As a direct and proximate result of Defendants', individually and collectively, jointly and

22

severally, negligent design and manufacture, breach warranties and negligent misrepresentations, the Plaintiff has suffered and continues to suffer the following monetary damages, to-wit:

a.    Monetary damages to the boat and the cost of repairs;
b.    Out-of-pocket expenses;
c.    Loss of use of the boat;
d.    Cost of installation and replacement of a new fuel tank; and
e.    Diminished and reduced market value of the Plaintiff's boat.

85.    As a direct and proximate result of Defendants' violations, breach of agreement, misrepresentations and negligence, the Plaintiff has suffered and continues to suffer monetary damages to his boat, in the amount of not less than FORTY FIVE THOUSAND TWO HUNDRED SIXTY-ONE AND 23/100 DOLLARS ($45,261.23) for the cost of repairs, and including, but not limited to, the loss and diminished market value of his boat in the amount of not less than ONE HUNDRED FIFTY THOUSAND NO/100 DOLLARS ($150,000.00), and loss of use of his boat in the amount of not less than TWENTY THOUSAND NO/100 DOLLARS ($20,000.00).

## VIII.   ATTORNEY'S FEES

86.    The Plaintiff adopts and realleges each and every allegation made in the preceding paragraphs 8 through 29 of this Complaint and incorporates the same by reference as if fully set forth herein.

87.    As a result of the Defendants', individually and collectively, jointly and severally, failure to comply with the provisions of the written express warranty agreement, as described in the forgoing paragraphs, the Plaintiff has found it necessary to employ an attorney to bring suit on the contract.   The Plaintiff is, therefore, entitled to recover an additional sum for reasonable attorney's fees as are equitable and just.

## IX.  JURY DEMAND

88.     Pursuant Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby respectfully requests and demands that, in the event of a trial on the merits, all issues of fact set forth in the causes of action alleged in this lawsuit be tried before a jury of the Plaintiff's peers, and the Plaintiff will tender any required jury fee.

## X.  PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff , SCOTT BAIN, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against the Defendants, HATTERAS/CABO YACHTS, LLC, HATTERAS YACHT SALES, LLC, and HATTERAS YACHTS, INC., HATTERAS/CABO, and BRUNSWICK CORPORATION, herein collectively the "Defendants", individually and collectively, jointly and severally, for the monetary damages requested herein in an amount in excess of the minimum jurisdictional limits of the Court, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, attorneys fees and litigation expenses, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity, and that Plaintiff have judgment against Defendants, jointly and severally, as follows, to-wit:

1.     Judgment against the Defendants, HATTERAS/CABO YACHTS, LLC, HATTERAS YACHT SALES, LLC, and HATTERAS YACHTS, INC., HATTERAS/CABO, herein collectively the "Defendants", individually and collectively, jointly and severally, for actual damages in the sum of FORTY FIVE THOUSAND TWO HUNDRED SIXTY-ONE AND 23/100 DOLLARS ($45,261.23), and including, but not limited to, the loss in value of his boat in the amount of not less than ONE HUNDRED FIFTY THOUSAND NO/100 DOLLARS ($150,000.00), and loss of use of his boat in the amount of not less than TWENTY THOUSAND AN NO/100 DOLLARS ($20,000.00);

2.   Judgment against the Defendants, individually and collectively, jointly and severally, for diminished or reduced market value of the Plaintiff's boat, in the amount of ONE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($150,000.00);

3.   Judgment against the Defendants, individually and collectively, jointly and severally, for loss of use of the Plaintiff's boat, in the amount of TWENTY THOUSAND AND NO/100 DOLLARS ($20,000.00);

4.   Prejudgment interest on the total damages, at the highest legal or contractual rate allowed by law;

5.   Reasonable attorney's fees, litigation expenses, expert witness fees and costs for depositions, in a reasonable amount of at least $25,000.00, together with conditional awards in the event of appellate proceedings;

6.   Plaintiff be granted judgment for all costs of court; and

7.   Plaintiff be granted Judgment for such other and further relief, special and general, at law and in equity, to which the Plaintiff may be justly entitled.

Respectfully submitted,

SCOTT BAIN, PLAINTIFF

LAW OFFICES OF CECIL W. BAIN, P.C.
9223 HONEY CREEK
SAN ANTONIO, TEXAS 78230
TELEPHONE:   (210) 344-1700
TELECOPIER: (210) 344-3838
EMAIL: cecilbain@yahoo.com

/s/CECIL W. BAIN
CECIL W. BAIN
STATE BAR NO. 01550000
ATTORNEYS FOR PLAINTIFF,
SCOTT BAIN

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2020, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and forwarded to all parties, by and through their attorneys of record, in accordance with the Federal Rules of Civil Procedure, as follows:

John R. Thompson III
john.thompson@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102

Joel W. Mohrman
jmohrman@mcglinchey.com
Anderson L. Cao
acao@mcglinchey.com
McGlinchey Stafford, PLLC
1001 McKinney Street, Suite 1500
Houston, Texas 77002

/s/CECIL W. BAIN
Cecil W. Bain